**Last revised 8/1/15**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:  
Daniel V. Beatty

Case No.: _____16-21487_____

Judge: _____KCF_____

Chapter: 13

Debtor(s)

## Chapter 13 Plan and Motions

☐ Original ☒ Modified/Notice Required ☒ Discharge Sought

☐ Motions Included ☐ Modified/No Notice Required ☐ No Discharge Sought

Date: _____8/25/16_____

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS WILL BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. **This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice.**

**YOU SHOULD FILE A PROOF OF CLAIM BY THE DEADLINE STATED
IN THE NOTICE TO RECEIVE DISTRIBUTIONS UNDER ANY PLAN
THAT MAY BE CONFIRMED, EVEN IF THE PLAN REFERS TO YOUR CLAIM**

**Part 1:    Payment and Length of Plan**

a. The debtor shall pay $ ___543.00___ per ___month___ to the Chapter 13 Trustee, starting on ___July 1, 2016___ for approximately ___36___ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒ Future earnings

☒ Other sources of funding (describe source, amount and date when funds are available):

Plan paid in full due to future sale of Comic Book Collection by 12/31/16. ($175,000.00 Value). Trustee to receive all non-exempt Personal Injury Proceeds.

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:

Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☐ Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☒ Other information that may be important relating to the payment and length of plan: Plan paid in full due to future sale of Comic Book Collection by 12/31/16. ($175,000.00 Value)

### Part 2:    Adequate Protection

a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

### Part 3:    Priority Claims (Including Administrative Expenses)

All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| Trustee | Commission | TBD |
| Reinheimer & Reinheimer | Attorneys Fee | $2,900.00 |
| IRS | 2014 Taxes | $9632.00 |
| IRS | 2015 Taxes | $2755.00 |

### Part 4:    Secured Claims

**a. Curing Default and Maintaining Payments**
The Debtor shall pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Midland Mortgage C/O: KML Law Group, P.C. | Mortgage | $81,000.00 | 0 | $81,000.00 | $1,241.00 |

**b. Modification**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**c. Surrender**

Upon confirmation, the stay is terminated as to surrendered collateral. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**d. Secured Claims Unaffected by the Plan**

The following secured claims are unaffected by the Plan:

**e. Secured Claims to be Paid in Full Through the Plan**:

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

## Part 5:  Unsecured Claims

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☒ Not less than _____100%_____ percent

☐ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis For Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

## Part 6:  Executory Contracts and Unexpired Leases

All executory contracts and unexpired leases are rejected, except the following, which are assumed:

| Creditor | Nature of Contract or Lease | Treatment by Debtor |
|---|---|---|
|  |  |  |

| Part 7: | Motions |
|---|---|

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

   a. **Motion to Avoid Liens Under 11. U.S.C. Section 522(f).**

   The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

   b. **Motion to Avoid Liens and Reclassify Claim From Secured to Completely Unsecured.**

   The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Amount of Lien to be Reclassified |
|---|---|---|
|  |  |  |

   c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.**

   The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|
|  |  |  |  |

### Part 8: Other Plan Provisions

**a. Vesting of Property of the Estate**

☒ Upon confirmation

☐ Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Trustee shall pay allowed claims in the following order:

1) Trustee commissions (Priority)
2) Reinheimer & Reinheimer (Priority); IRS (Priority)
3) Midland Mortgage (Secured)
4) General Unsecured Credtiors (Unsecured)

**d. Post-Petition Claims**

The Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

### Part 9: Modification

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being Modified: 06/14/2016 .

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| To include IRS priority debt owed and added language as per trustee objection concerning non-exempt Personal Injury proceeds. | To include IRS priority debt owed in Part 3 and non-exempt Personal Injury proceeds to Part 1b. |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☒ No

**Part 10:    Sign Here**

The Debtor(s) and the attorney for the Debtor (if any) must sign this Plan.

Date: 08/25/2016                                    /s/ Kurt E. Reinheimer, Esq.
                                                    Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: 08/25/2016                                    /s/ Daniel V. Beatty
                                                    Debtor

Date: _____                                _____
                                                    Joint Debtor

United States Bankruptcy Court
District of New Jersey

In re:                                                                Case No. 16-21487-KCF
Daniel V. Beatty                                                      Chapter 13
       Debtor

## CERTIFICATE OF NOTICE

District/off: 0312-3           User: admin              Page 1 of 1           Date Rcvd: Aug 26, 2016
                               Form ID: pdf901         Total Noticed: 16

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 28, 2016.
```
db              Daniel V. Beatty,    PO Box 394,    Ocean Gate, NJ   08740-0394
516231712       Apex Asset Management,    2501 Oregon Pike Ste 210,    Lancaster, PA   17601-4890
516358554      +Assistant Attorney General,    555 4th Street, NW RM 6126,    Washington, DC 20001-2733
516231713       Camy Dental,    211 Atlantic City Blvd,    Bayville, NJ   08721-1216
516249056      +George E. Veitengruber, III, Esq.,    Veitengruber Law LLC,    1720 Route 34, Suite 10,
                 Wall, NJ 07727-3937
516231715       Midland Mortgage,    C/O: KML Law Group, P.C.,    216 Haddon Ave Ste 406,
                 Westmont, NJ   08108-2812
516293221      +NJSVS, Surcharge Violation,    POB 4850,    Trenton, NJ 08650-4850
516231716       New Jersey Natural Gas,    PO Box 1464,    Wall, NJ   07719-1464
516231717       State of New Jersey Violation System,    PO Box 4850,    Trenton, NJ   08650-4850
516231718       Verizon,    PO Box 26055,    Minneapolis, MN   55426-0055
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: usanj.njbankr@usdoj.gov Aug 26 2016 23:47:33      U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ   07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Aug 26 2016 23:47:28      United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                 Newark, NJ 07102-5235
516252311       E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Aug 26 2016 23:51:03
                 American InfoSource LP as agent for,    T Mobile/T-Mobile USA Inc,    PO Box 248848,
                 Oklahoma City, OK   73124-8848
516358555       E-mail/Text: cio.bncmail@irs.gov Aug 26 2016 23:47:08      Internal Revenue Services,
                 955 S Springfield Avenue,    Springfield, NJ 07081
516231714      +E-mail/Text: ebn@barnabashealth.org Aug 26 2016 23:47:54      Kimball Medical Center,
                 600 River Ave,    Lakewood, NJ 08701-5281
516358556      +E-mail/Text: usanj.njbankr@usdoj.gov Aug 26 2016 23:47:33      U.S. Attorney's Office,
                 970 Broad Street RM 700,    Newark, NJ 07102-2534
                                                                                             TOTAL: 6
```

          ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
```
516358553*     ++INTERNAL REVENUE SERVICE,    CENTRALIZED INSOLVENCY OPERATIONS,    PO BOX 7346,
                 PHILADELPHIA PA 19101-7346
                (address filed with court:   Internal Revenue Services,     PO Box 21126,    Philadelphia, PA 19114)
                                                                                            TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 28, 2016                          Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 25, 2016 at the address(es) listed below:
```
              Albert  Russo    on behalf of Trustee Albert  Russo docs@russotrustee.com
              Albert  Russo    docs@russotrustee.com
              Denise E. Carlon    on behalf of Creditor    MIDFIRST BANK dcarlon@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Denise E. Carlon    on behalf of Defendant    Midland Mortgage/Midfirst dcarlon@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Kurt E. Reinheimer    on behalf of Plaintiff Daniel V. Beatty kerrein66@comcast.net
              Kurt E. Reinheimer    on behalf of Debtor Daniel V. Beatty kerrein66@comcast.net
                                                                                             TOTAL: 6
```